Donald C. GRUBBA,
Plaintiff, Appellant,

v.

BAY STATE ABRASIVES, DIVISION
OF DRESSER INDUSTRIES, INC.,
Defendant, Appellee.

No. 86–1444.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.
Decided Oct. 20, 1986.

Frederick T. Golder and Golder & Shubow, P.A., Boston, Mass., on brief, for plaintiff, appellant.

Willis J. Goldsmith, Nancy C. Lee, Jones, Day, Reavis & Pogue, Washington, D.C., James W. Nagle and Goodwin, Procter & Hoar, Boston, Mass., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, and COFFIN and BOWNES, Circuit Judges.

COFFIN, Circuit Judge.

In December 1982, after a period of excessive absences from work, plaintiff-appellant Donald C. Grubba was discharged from his job as a senior chemist at Bay State Abrasives ("Bay State"). In April 1984, Grubba filed suit in the Worcester County Superior Court alleging that Bay State had breached the implied covenant of good faith and fair dealing by discharging

him because of his age or physical handicaps. Grubba also brought tort and contract claims. Bay State removed the case to federal court on diversity grounds.

After Bay State moved to dismiss Grubba's claims, Grubba arguably asserted two additional bases for relief from Bay State's alleged handicap discrimination—the Rehabilitation Act of 1973, 29 U.S.C. §§ 793 & 794 (1982), and amendment article 114 of the Massachusetts constitution. The district court eventually dismissed all of plaintiff's claims.

In his brief on appeal, Grubba argues only that the district court erred in dismissing his handicap discrimination claims based upon the implied covenant of good faith and fair dealing and upon amendment article 114 of the Massachusetts constitution. For the reasons below, we affirm the district court's judgment on these two claims. Appellant has waived his other claims by failing to argue them in his brief. *Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1 (1983).

## I. The Implied Covenant of Good Faith and Fair Dealing

■ Grubba contends that he has stated a claim for breach of the implied covenant of good faith and fair dealing because Bay State discharged him in violation of the Commonwealth's public policy against handicap discrimination. Grubba points to amendment article 114 of the Massachusetts constitution, which prohibits discrimination based on handicap "under any program or activity within the commonwealth," as evidence of this public policy.

Massachusetts does recognize a claim for breach of the implied covenant of good

faith and fair dealing when a claimant shows that an employer's reason for discharge was contrary to public policy, *see Siles v. Travenol Laboratories, Inc.*, 13 Mass.App. 354, 433 N.E.2d 103, *review denied*, 386 Mass. 1103, 440 N.E.2d 1176 (1982), but this cause of action exists only when there is no other adequate way to vindicate the public policy. *Melley v. Gillette*, 19 Mass.App. 511, 475 N.E.2d 1227 (1985) (holding that a plaintiff may not bring a wrongful discharge claim against an employer on grounds of age discrimination without following the procedures of the comprehensive legislative scheme prohibiting age discrimination in employment, Mass.Gen.Laws Ann. ch. 151B § 4 (Supp. 1986), *aff'd.*, 397 Mass. 1004, 491 N.E.2d 252 (1986)); *Crews v. Memorex Corporation*, 588 F.Supp. 27 (D.Mass.1984) (same). Because Massachusetts law provided another fully adequate means of vindicating its public policy against handicap discrimination in employment, the district court properly dismissed Grubba's wrongful discharge claim.[1]

The Massachusetts Civil Rights Act, Mass.Gen.Laws Ann. ch. 12 § 11I (Supp. 1986), effective since 1979, provides a private cause of action for equitable, injunctive, and compensatory relief to "[a]ny person whose exercise or enjoyment of rights secured by ... the constitution or laws of the commonwealth, has been interfered with [by threats, intimidation, or coercion]." As appellant himself has argued, amendment article 114 of the Massachusetts constitution, which has no express state action limitation, "secure[s]" the right of handicapped persons against discrimina-

1. The district court apparently concluded that at the time Grubba was discharged, section 503 of the federal Rehabilitation Act of 1973, 29 U.S.C. § 793, provided an adequate remedy for handicap discrimination in employment, thereby precluding a common law action for breach of the implied covenant of good faith and fair dealing. We have some doubt as to whether this section, which provides no private cause of action and depends instead upon labor department enforcement, provided an adequate remedy for the discrimination Grubba alleged. *See Stewart v. Travelers Corp.*, 503 F.2d 108, 113 (9th Cir.1974)

("enforcement by the Department of Labor is ... problematic because any action by the Secretary is discretionary, not mandatory"); *Brown v. Transcon Lines*, 284 Or. 597, 558 P.2d 1087 (1978). We need not determine the adequacy of the federal remedy, however, for another ground supports the district court's dismissal of Grubba's wrongful discharge claim. *Chevron U.S.A. v. National Resources Defense Council*, 467 U.S. 837, 842 & nn. 7–8, 104 S.Ct. 2778, 2781 & nn. 7–8, 81 L.Ed.2d 694 ("this Court reviews judgments, not opinions").

tion by private employers. *Cf. Bell v. Mazza,* 394 Mass. 176, 474 N.E.2d 1111 (holding that plaintiffs' rights under articles 1, 10, and 12 of the Declaration of Rights to the Massachusetts constitution are secured against individual as well as state action); *Batchelder v. Allied Stores Corp.,* 388 Mass. 83, 445 N.E.2d 590 (1983) (holding that article 9 of the Massachusetts constitution applies to the conduct of private persons). The Supreme Judicial Court has repeatedly instructed that "the protections of constitutional rights introduced in the Massachusetts Civil Rights Act may *not* be limited to State action." *Bell v. Mazza,* 394 Mass. at 181, 474 N.E.2d at 1114, quoting *United States Jaycees v. Massachusetts Commission Against Discrimination,* 391 Mass. 594, 609 n. 9, 463 N.E.2d 1151, 1160 n. 9 (1984) (emphasis in original). In light of the Supreme Judicial Court's instruction that the statutory language "threats, intimidation, and coercion" be liberally construed, *Batchelder v. Allied Stores Corp.,* 393 Mass. 819, 823, 473 N.E.2d 1128, 1131, we find that the alleged interference with Grubba's constitutional rights would have been sufficient to state a civil rights claim. Mass.Gen.Laws Ann. ch. 12 § 11H, 11I.[2] *See also Bell v. Mazza,* 394 Mass. at 182–84, 474 N.E.2d at 1115–16. Since the Massachusetts Civil Rights Act was the appropriate vehicle for relief from the violations of amendment article 114 that Grubba alleged, we affirm the dismissal of his common law wrongful discharge claim.

## II. Amendment Article 114 of the Massachusetts Constitution

Grubba also argues that the district court erred in declining to imply a cause of action directly from amendment article 114 of the Massachusetts constitution. The district court did not address this constitutional claim, probably because plaintiff did not state it clearly below.[3]

While the Supreme Judicial Court has noted that "a person whose constitutional rights have been interfered with may be entitled to judicial relief even in the absence of a statute providing a procedural vehicle," *Phillips v. Youth Development Program, Inc.,* 390 Mass. 652, 657–58, 459 N.E.2d 453, 457 (1983), this observation is not relevant where, as here, the plaintiff has ignored the Massachusetts Civil Rights Act, a fully adequate procedural vehicle.[4] Thus, even if the constitutional claim was properly raised, we find no error in the district court's failure to recognize it.

*The district court's judgment is affirmed.*

---

**2.** Grubba stated in his affidavit that he received "threats about [his] absenteeism and about the possibility that [he] would loose [sic] [his] job." App. at 85. Grubba further alleged that Bay State required him to work without reasonable accommodation of his physical handicap and ultimately discharged him, preventing him from working at Bay State at all. These allegations amount to coercive interference with the protected right against handicap discrimination in employment.

**3.** Our review of the record appendix has uncovered only two references to the state constitutional claim. App. at 58, 103–04. The reference to a remedy for handicap discrimination under "the State Constitution Article 114 and a common law action, inasmuch as it is a violation of

public policy," App. at 58, is ambiguous. This quotation from Plaintiff's Opposition to Defendant's Motion to Dismiss could be read as invoking amendment article 114 only in support of the common law wrongful discharge claim rather than as an independent basis for relief. Any ambiguity is dispelled by plaintiff's written argument opposing dismissal, in which amendment article 114 is discussed solely in the context of the wrongful discharge claim. App. at 103–04.

**4.** In the *Phillips* case the Supreme Judicial Court specifically noted that the Massachusetts Civil Rights Act was not in effect at the time the plaintiff was discharged. 390 Mass. at 657, 459 N.E.2d at 457.