ROBERT M. LAYNE & another[1] *vs.* SUPERINTENDENT,
MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR
JUNCTION & others.[2]

Norfolk. October 5, 1989. - November 20, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY. JJ.

*Civil Rights*, Availability of remedy. *Imprisonment*, Access to law library. *Handicapped Persons. Practice, Civil*, Summary judgment. *Words*, "Handicapped," "Program or activity."

Two prison inmates who, due to physical handicap, were unable to climb or descend stairs stated no claim for relief under the Massachusetts Civil Rights Act by reason of prison officials' having relocated the general library and law library at the prison from the first floor of a building to the basement level, where there was no actual or potential physical confrontation nor a threat of harm by the prison officials. [158]

On claims by two physically handicapped prison inmates seeking damages for prison officials' alleged violation of their rights under art. 114 of the Amendments to the Constitution of the Commonwealth, concerning discrimination against handicapped individuals, summary judgment in favor of the plaintiffs was not warranted where, although they showed uncontested material facts demonstrating that they had been denied access to the prison's law library on the same terms as were available to nonhandicapped inmates, the plaintiffs failed to show that there was no issue of material fact in dispute as to whether they were substantially prejudiced by the discrimination, whether the burden on the Commonwealth of eliminating the discrimination was too great, and whether there was an overriding State interest justifying the discrimination. [158-161]

---

[1] Albert Lombardo, Jr.

[2] The deputy superintendent and the director of treatment and programs, who was at certain times acting superintendent of the Massachusetts Correctional Institution, Cedar Junction. We shall refer to the defendants collectively.

CIVIL ACTION commenced in the Superior Court Department on September 27, 1983.

The case was heard by *Suzanne V. DelVecchio*, J., on motions for summary judgment, and a motion to assess damages was heard by *Mel L. Greenberg*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alexander G. Gray, Jr.*, for the defendants.

*Paul Germanotta* for the plaintiffs.

*Jane K. Alper*, for Disability Law Center, Inc., amicus curiae, submitted a brief.

WILKINS, J. The defendants appeal from a judgment awarding monetary damages to the plaintiffs. A Superior Court judge entered that judgment pursuant to a memorandum of decision and order for judgment filed by another Superior Court judge. The judge who ordered that relief be granted to the plaintiffs did so on their motion for summary judgment because, in her view, the plaintiffs were unlawfully denied access to the prison library, due to their physical handicaps. The motion judge concluded that the defendants had violated (a) the State Civil Rights act (G. L. c. 12, §§ 11H & 11I [1988 ed.]), (b) the plaintiffs' rights under art. 114 of the Amendments to the Constitution of the Commonwealth concerning discrimination against handicapped individuals, and (c) certain Department of Correction and prison regulations.

During all relevant times, the plaintiffs were incarcerated in the Massachusetts Correctional Institution at Cedar Junction. They are handicapped because, for physical reasons, they are unable to climb or descend stairs. In mid-September, 1983, the general and law libraries at the prison were moved from the first floor to the basement level. The plaintiffs had objected to the impending relocation of the libraries and had explained their reasons to prison officials. Because inmates could reach the libraries only by a steep flight of stairs, the libraries were inaccessible to the plaintiffs until in July, 1987, a wheelchair lift was installed. For compensation from the plaintiffs, other inmates performed research for

them during the period when the plaintiffs did not have access to the libraries. The defendants, however, had offered the plaintiffs alternate means of access to library materials.

The plaintiffs commenced this action toward the end of September, 1983, seeking declaratory and injunctive relief. In an amended complaint, the plaintiffs alleged violations of the State Civil Rights Act and of art. 114 and sought declaratory, injunctive, and monetary relief.

We transferred the defendants' appeal here on our own motion. We conclude that the defendants are not liable to the plaintiffs under the State Civil Rights Act and that the plaintiffs have not shown that they were entitled to summary judgment on their art. 114 claims.

1. The summary judgment record shows that there is no material fact in dispute on the plaintiffs' claims under the State Civil Rights Act. There were no "threats, intimidation or coercion" (G. L. c. 12, § 11H) in the defendants' conduct. Thus an essential element of such a claim is missing. In *Bally* v. *Northeastern Univ.*, 403 Mass. 713, 719-720 (1989), this court noted that all our opinions holding that a defendant was or might be liable under the State Civil Rights Act involved an actual or potential physical confrontation accompanied by a threat of harm. In *Longval* v. *Commissioner of Correction*, 404 Mass. 325, 333 (1989), we reiterated the point and noted that "[a] direct violation of a person's rights does not by itself involve threats, intimidation, or coercion . . . ." In this case there was no actual or potential physical confrontation nor a threat of harm.

The act of moving the libraries to the basement level may have directly denied the plaintiffs certain rights, but that act did not involve "threats, intimidation or coercion." Any claim the plaintiffs might have to monetary relief for the violation of their rights, therefore, cannot properly be based on the State Civil Rights Act.

2. The plaintiffs argue that, even if they are not entitled to relief under the State Civil Rights Act, summary judgment in their favor was proper under art. 114. That amendment, adopted by the people in 1980, provides: "No otherwise qual-

ified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the commonwealth." No appellate court opinion in the Commonwealth construes or applies art. 114.

Article 114 presents a number of questions, including the meaning of the word "handicapped" and what a "program or activity" is. See Crane, Howard, Schmidt & Schwartz, The Massachusetts Constitutional Amendment Prohibiting Discrimination on the Basis of Handicap: Its Meaning and Implementation, 16 Suffolk U.L. Rev. 47, 52-56 (1982) (cited hereafter as Crane). The Commonwealth does not claim, however, that the plaintiffs were not "handicapped individual[s]" or that the law library at the prison was not a "program or activity."[3] In time, some assistance in construing art. 114 may be found in cases (at least pre-1980 cases) interpreting 29 U.S.C. § 794 (1982), from which the language of the amendment was largely taken.[4]

No statute has generally implemented art. 114. If a violation of art. 114 rights can be redressed within the ambit of an existing statute, such as the State Civil Rights Act, there is a well-worn procedural path to relief for such a violation. We have noted, however, that "a person whose constitutional rights have been interfered with may be entitled to judicial

---

[3]Because the State is involved, we need not consider whether art. 114 applies to private individuals. With little discussion of the point, the United States Court of Appeals for the First Circuit may have ruled that it did in *Grubba* v. *Bay State Abrasives, Div. of Dresser Indus., Inc.*, 803 F.2d 746, 747-748 (1st Cir. 1986).

[4]When art. 114 was adopted, § 794 read, in part: "*No otherwise qualified handicapped individual* in the United States, as defined in section 706(7) of this title, *shall solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity* receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." Rehabilitation Act of 1973, Pub. L. No. 93-112, § 504, 87 Stat. 355, 384, codified, as amended, at 29 U.S.C. § 794 (1982), current amended version at 29 U.S.C.A. § 794(a) (1982 & West Supp. 1989).

relief even in the absence of a statute providing a procedural vehicle for obtaining relief." *Phillips* v. *Youth Dev. Program, Inc.*, 390 Mass. 652, 657-658 (1983). Certainly a State may not violate a person's constitutional rights and then fairly assert that no redress can be had because the State has not provided a statutory means of enforcing those rights.

We have no difficulty in concluding in this case that the plaintiffs would have been entitled to a declaration of rights (G. L. c. 231A [1988 ed.]) and to injunctive relief as long as any rights under art. 114 were denied to them. Here, however, by the time the plaintiffs came to present their case on the merits, the defendants had cured the alleged constitutional deprivation. The matter was moot as to any continuing wrong, and neither declaratory nor injunctive relief was called for at the time final judgment was entered (and the judgment appropriately was silent on both points).

The question, of course, is whether the plaintiffs were entitled to summary judgment on their claims for monetary relief. On the summary judgment record they have shown uncontested material facts demonstrating a denial to them of access to the law library on the same terms as were available to nonhandicapped inmates. There is no requirement in art. 114 that a defendant be shown to have subjectively intended to deny the constitutional rights of a handicapped individual. We cannot tell on this record, however, whether the accommodation that the defendants offered for the plaintiffs' access problems (before the wheelchair lift was installed) would have substantially satisfied the reasonable needs of the plaintiffs for access to law library facilities. Moreover, differing treatment of handicapped and nonhandicapped persons may be appropriate in circumstances where the burden of eliminating any alleged art. 114 discrimination is too great or where an overriding State interest justifies the discrimination.[5]

---

[5] Even strong advocates of a broad interpretation of art. 114 have recognized that it cannot be applied literally as an absolute in all instances. See Crane, *supra* at 58-60.

Differing treatment alone, therefore, does not establish an art. 114 violation. The plaintiffs had to demonstrate on the summary judgment record that there was no issue of material fact in dispute as to whether they were substantially prejudiced by the discrimination, whether the burden on the Commonwealth of eliminating the discrimination was too great, and whether there was an overriding State interest justifying the discrimination. The plaintiffs made no such demonstration.[6] Indeed, the record is essentially silent on these issues. Thus summary judgment was not warranted in favor of the plaintiffs on their art. 114 claims.

3. Summary judgment for the plaintiffs and the judgment awarding damages to the plaintiffs are vacated. The defendants are entitled to summary judgment on the plaintiffs' claim for damages under G. L. c. 12, §§ 11H and 11I. The case is remanded for further proceedings on the plaintiffs' claim for damages under art. 114 of the Amendments to the Constitution of the Commonwealth.

*So ordered.*

---

[6]At a trial, on the other hand, the Commonwealth would have the task of demonstrating that the burden of compliance or an overriding State interest justified any discrimination.