Garsh, J.
Plaintiff Patricia Dolan (“Dolan”) commenced this action in 1992 against, among others, the owner and manager of a building and the manufacturer of copiers located in that building. Dolan alleged that her presence in the copy center caused her to develop cancer and “multiple chemical sensitivity.” The complaint sets forth several claims, including negligent construction, construction design and property maintenance, as well as negligent copier design, failure to warn, and breach of warranty. In 1994 Dolan obtained permission to add her former employer, American Telephone & Telegraph Company (“AT&T’), as a defendant.
The third amended complaint alleges claims against AT&T for handicap discrimination under G.L.c. 151B (count 18), handicap discrimination under the Massachusetts Equal Rights Act, G.L.c. 93, §103 (count 19), violation of the United States and Massachusetts constitutions (count 20), breach of employment contract (count 21), “wrongful termination” (count 22), interference with an advantageous relationship (count 23), negligent infliction of emotional distress (count 24), intentional infliction of emotional distress (count 25), and violation of the Americans with Disabilities Act (count 26). AT&T now moves to dismiss counts 19 through 26, pursuant to Mass.R.Civ.P. 12(b)(6), and to sever the remaining count. Dolan did not oppose dismissal of counts 19, 23, and 26, and so much of count 20 as is based upon a violation of the federal constitution. For the reasons set forth below, AT&T’s motion to *22 dismiss is ALLOWED and its motion to sever is DENIED without prejudice.
BACKGROUND
Dolan’s claims against AT&T all relate to her employment. According to the allegations of the third amended complaint, Dolan worked for AT&T from January through August 1989 in a copy center in the basement floor level of an office building. In May 1989, Dolan began suffering from headaches, nausea, diarrhea, respiratory difficulty, and other problems. She believed fumes, dampness, and poor air circulation in the copy center caused these illnesses. When her symptoms persisted, Dolan requested a hardship transfer from the building or reasonable accommodations. Dolan alleges that AT&T denied these requests.
Following a short disability leave, Dolan continued to work at the same building, but at a different location, until November 14,1989. During this time, Dolan alleges that she unsuccessfully requested transfers, on the grounds that exposure to contaminants interfered with her ability to perform her job. Dolan then worked for AT&T at a different building until November 1991, at which time she again was placed on sickness disability leave. While at the second location, Dolan alleges that she again unsuccessfully requested reasonable accommodations.
DISCUSSION
A complaint should be dismissed for failure to state a claim upon which relief can be granted if “the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). All allegations of the complaint must be taken as true and all inferences are to be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A complaint should not be dismissed simply because it asserts a new or extreme theory of liability or improbable facts. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28 (1988); Bell v. Mazza, 394 Mass. 176, 183 (1985).
Article 114 of the Massachusetts Constitution
Article 114 states: “No otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the Commonwealth.”
G.L.c. 15IB does not bar employment discrimination claims based on “preexisting common law principles or constitutional protections.” Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994). Because Article 114 was ratified in 1980 and the amendment to Chapter 15 IB §4, providing remedies for handicap discrimination, was not enacted until 1983, Dolan maintains that she may bring a direct cause of action for handicap discrimination under Article 114 of the Massachusetts Constitution. This “accident of chronology” does not make Dolan’s claim “preexisting” so as to disrupt the legislature’s intent to make c. 15 IB exclusive. Conway v. Boston Edison Co., 745 F.Supp. 773, 780 (D. Mass. 1990).
It does not necessarily follow from the fact that Article 114 predates the relevant amendment to c. 151B that a constitutional remedy predated c. 151B. No direct cause of action under Article 114 had been recognized before the enactment of the amendment to c. 151B and Charland itself creates no new constitutional protection. Indeed, as of 1989, six years after c. 15 IB had been amended, the Supreme Judicial Court observed that “[n]o appellate court opinion in the Commonwealth construed or applie[d] art. 114” in any context. Layne v. Superintendent, MCI Cedar Junction, 406 Mass. 156, 159 (1989). Furthermore, when the amendment to c. 15IB was enacted, it had not yet been decided, and it still is an open question, whether Article 114 applies to private conduct. Id. at 159 n. 3. Thus, Dolan’s claim is not based on “preexisting . . . constitutional protections” as Charland requires. Compare Melley v. Gillette Corp., 397 Mass. 1004 (1986) (rescript), affg 19 Mass.App.Ct. 511 (1985) (court declined to create new common law right of action for breach of implied covenant of good faith and fair dealing based upon conduct which violates the public policy against age discrimination where G.L.c. 15 IB provides a remedy) with Comey v. Hill, 387 Mass. 11 (1982) (c. 151B does not preclude a common law tort for interference with an advantageous relationship, a tort long established prior to passage of c. 151B).
Since c. 15IB was amended to apply to handicap discrimination, there appears little reason to recognize a private cause of action under Article 114 for employment related claims. The “clear purpose” for enacting Chapter 15IB was to “implement the right to equal treatment guaranteed to all citizens by the constitution! ] of the . . . Commonwealth.” Char-land, 417 Mass, at 582, quoting Katz v. Massachusetts Comm'n Against Discrimination, 365 Mass. 357, 368 (1974). “If a violation of art. 114 rights can be redressed within the ambit of an exiting statute . . . there is a well-worn procedural path to relief for such a violation.” Layne, 406 Mass, at 159. In accord with this principle, courts have declined to create a direct cause of action under Article 114 for work place claims. E.g., Cronan v. New England Telephone Co., 41 Fair Emp. Prac. Dec. 1273, 1279 (Suffolk Super. Ct. August 11, 1986) (no direct action under Art. 114 because c. 151B “constitutes a comprehensive remedial statutory scheme to vindicate the right of the handicapped in employment situations”); Grubba v. Bay State Abrasives, 803 F.2d 746, 748 (1st Cir. 1986) (no direct cause of action under article 114 should be implied where *23 there is a “fully adequate procedural vehicle” to redress handicap discrimination); Conway v. Boston Edison Co., 745 F.Supp. at 779 (“Because ch. 151B supplies a fully adequate procedure to redress handicap discrimination by an employer, it precludes a right of action arising directly under the constitution”).
Because there exits an adequate statutory remedy to vindicate the rights of the plaintiff,[2] and because no principle of law established prior to the adoption of c. 151B recognized a direct cause of action under Article 114, the third amended complaint is dismissed insofar as it asserts a direct cause of action under the Massachusetts Constitution.[3]
Breach of Employment Contract
Count 21 seeks damages for breach of an employment contract. The third amended complaint does not allege that Dolan and AT&T had entered into a written employment contract; it is based upon a violation of the implied covenant of good faith and fair dealing implicit, as a matter of law, in an at-will employment agreement. Fortune v. National Cash Register Co., 373 Mass. 96 (1977). Such a breach may be found when an employer’s actions violate established public policy. Glaz v. Ralston Purina Co., 24 Mass.App.Ct. 386, 389 (1987), rev. denied 400 Mass. 1106 (1987).
Dolan argues that, implied in her employment contract as a matter of established public policy, was the requirement that AT&T fairly and in good faith deal with her request for reasonable accommodations to her disability. In support of this policy, she cites to both c. 15 IB and the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., a statute that did not become effective until July 26, 1992, months after Dolan allegedly became disabled. Even if AT&Ts actions did violate public policy, Dolan may not recover on her claim for breach of an implied covenant. Chapter 15 IB provides redress for interference with the public policy at stake. There is no preexisting common law cause of action for breach of an implied covenant based upon failure to provide reasonable accommodations to a handicapped employee. Cf. Melley v. Gillette Corp., 19 Mass.App.Ct. at 511-12. Accordingly, c. 15IB bars this claim. Charland v. Muzi Motors, Inc., 417 Mass, at 585.[4]
Wrongful Termination
Assuming that an employee may bring a tort action for “wrongful discharge,”[5] Dolan fares no better with her tort claim based upon violation of public policy, namely handicap discrimination. Where Chapter 15 IB provides redress, as here, it is the exclusive remedy for public policy discharges based upon the public policy against discrimination. Melley v. Gillette Corp., 19 Mass.App.Ct. at 511.
Negligent Infliction of Emotional Distress
Dolan alleges that a significant contributing cause of her distress was an event or events occurring within her employment. The Workers’ Compensation Act makes compensable injuries, including emotional distress, caused by events occurring within employment. G.L.c. 152, §1(7A). Negligently inflicted emotional injuries resulting from bona fide personnel decisions are not within c. 152. Handicap discrimination obviously is not a bona fide personnel action.
Dolan’s argument that the Legislature intended to eliminate claims under the Workers’ Compensation Act for negligent infliction of emotional distress not arising from a bona fide personnel action has been rejected. Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377, 380-81 (1994) (“[t]he 1985 and 1986 amendments [to the Workers’ Compensation Act] make clear that when events occurring at work are a significant contributing cause of emotional or mental disabilities, those injuries are compensable under the Act unless they arose from a bona fide personnel action not intended to inflict emotional distress”). Where, as here, the third amended complaint alleges that Dolan’s emotional disability arose out of handicap discrimination in the workplace, the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §24,[6] bars Dolan’s claim for negligent infliction of emotional distress.
Intentional Infliction of Emotional Distress
An intentionally inflicted emotional injury arising out of one’s employment is compensable under the Workers’ Compensation Act. Because Dolan’s claims for intentional infliction of emotional distress arise from the handicap discrimination allegedly perpetrated by AT&T against her, any resulting disability is barred by the exclusivity provision of that act. Foley v. Polaroid Corp., 381 Mass. 545, 550 (1980). See also St. Arnaud v. Chapdelaine Truck Center, Inc., 836 F.Supp. 41, 43-44 (D.Mass. 1993).
Dolan argues that work place civil rights claims fall into a special category and that employees bringing such claims may recover damages outside the Workers’ Compensation Act. However, the cases relied upon by Dolan address the availabiliiy of damages for emotional distress under c. 151B;[7] they do not authorize a direct claim for emotional distress outside c. 152. E.g., College-Town v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156 (1987); Buckley Nursing Home, Inc. v. Massachusetts Comm’n Against Discrimination, 20 Mass.App.Ct. 172, rev. denied 395 Mass. 1103 (1985). O’Connell v. Chasdi, 400 Mass. 686 (1987), cited by Dolan for the proposition that the “exclusivity provisions of the Workers’ Compensation Act did not bar recovery for . . . intentional infliction of emotional distress arising from sexual harassment,” was limited to claims against co-employees who commit inten *24 tional torts not within the scope of employment. In sum, the Workers’ Compensation Act is Dolan’s exclusive remedy for intentional infliction of mental distress caused by work related handicap discrimination. Felinska v. New England Teamsters and Trucking Industry Pension Fund, 855 F.Supp. 474, 477-78 (D.Mass. 1994).
Severance
AT&T seeks to sever the claim under c. 15 IB from the bodily injury and product liability claims pending against the other defendants. “Any claim against a party may be severed and proceeded with separately.” Mass.R.Civ.P. 21. Mass.R.Civ.P. 20, upon which Dolan relies for permissive joinder of parties, contemplates separate trials to prevent prejudice. Mass.R.Civ.P. 20(b).
Dolan claims that she contracted cancer and seriously damaged her immune system as a result of exposure to toxic agents while working for AT&T. The trial is expected to include extensive causation testimony from epidemiologists, industrial hygienists, pathologists, specialists in occupational medicine, and other medical and scientific experts. Dolan believes that this testimony is relevant to her claims against AT&T in addition to her claims against the other defendants. Presumably, some or all of the plaintiffs experts will be testifying as to whether Dolan was a “handicapped individual" and, if so, whether she was a “qualified” handicapped individual in the sense that she could perform the essential functions of her job, with or without reasonable accommodation. Moreover, it is conceivable that one or more of the other defendants may claim that an action or omission by AT&T constituted an intervening, superseding cause relieving them, or any of them, from liability for some or all of the alleged injuries. Expert discovery has not been completed.
There are many areas in which the personal injury and product liability claims do not overlap with the c. 151B discrimination claim. Although Dolan asserts that her damages claim is “identical,” if Dolan prevails against AT&T on the c. 15 IB claim, except for damages for emotional distress, the nature of the damages against AT&T are likely to be different from the kinds of tort damages potentially available from the other defendants. Moreover, in the c. 15IB action, Dolan would be presenting evidence not only as to AT&T’s actions while at the basement level location of 99 Bradford Street, but also evidence as to AT&T’s actions through November 1991, at two other locations.
At this stage, it appears that there is a risk that severance would substantially and unfairly prejudice Dolan. Accordingly, AT&T’s motion to sever is denied. The denial is without prejudice to move for a separate trial on the c. 15 IB claim at the close of discovery after a joint pretrial memorandum has been filed. In that document, the parties will be required to set forth, with some specificity, their positions on contested issues of fact and law, as well as listing witnesses and the anticipated testimony of experts. Exactly how many of the plaintiffs witnesses, including experts, would testify on matters related to the c. 15IB claim then could be ascertained, along with the positions of each defendant on causation. Armed with this information, the trial judge would be in a better position to assess the merits of severance.
ORDER
It is therefore ORDERED that AT&T’s motion to dismiss Counts 19 through 26 is ALLOWED and that AT&T’s motion to sever Count 18 is DENIED without prejudice.

Dolan’s reliance on O'Connell v. Chasdi, 400 Mass. 686 (1987), is misplaced. In that case, the Court permitted an employment discrimination claim brought pursuant to the Civil Rights Act to go forward where c. 15 IB was not applicable. This Court need not decide if a direct claim under Article 114 should be recognized in similar circumstances because c. 151B relief is available to Dolan.

It would be anomalous if Dolan were allowed to proceed on a direct cause of action under article 114, but not allowed to bring a claim for deprivation of the very same constitutional right under either the Equal Rights Act, c. 93, § 103(a), Charland, 417 Mass, at 582, or the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and 111. Mouradian v. General Electric Co., 23 Mass.App.Ct. 538, 543, rev. den., 399 Mass. 1105 (1987). Both statutes are designed to redress violations of the state constitution.

The cases relied upon by Dolan do not lend support to permitting a cause of action for wrongful termination based upon discrimination. Dalis v. Buyer Advertising Inc., 418 Mass. 220 (1994), recognized a right to a jury trial on claims alleging gender discrimination in employment. Biggins v. Hazen Paper Co., 953 F.2d 1405 (1st Cir. 1992), judgment vac. 113 S.Ct. 1701 (1993), dealt with wrongful discharge in the context of deprivation of compensation for past services.

Hobson v. McLean Hospital Corp., 402 Mass. 413 (1988) (issue of entitlement to tort damages not resolved).

G.L.c. 152, §24 provides that an “employee shall be held to have waived his right of action at common law ... in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . .” Dolan does not claim that she gave AT&T any such written notice at the time she was hired.

AT&T does not dispute Dolan’s entitlement to monetary damages for emotional distress should she prevail on her claims under c. 151B.