**Pratibha BHAWAN, Plaintiff,**

v.

**FALLON CLINIC, INC., Defendant.**

**Civil Action No. 97–40174–NMG.**

United States District Court, D. Massachusetts.

May 15, 1998.

Vida K. Berkowitz, McDonald & Associates, West Newton, MA, for Plaintiff.

Liam T. O'Connell, Sara Goldsmith Schwartz, Schwartz & O'Connell, Andover, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Pratibha Bhawan ("Bhawan") filed this action against Fallon Clinic, Inc. ("Fallon") alleging in Count I: violations of M.G.L. c. 151B ("Chapter 151B"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 623, ("the ADEA"); in Count II: violations of the Massachusetts Equal Pay Act, M.G.L.

c. 149, § 105A, ("the MEPA") and the Federal Equal Pay Act, 29 U.S.C. § 206(d), ("the FEPA"); in Count III: violations of the Massachusetts Equal Rights Act, M.G.L. c. 93, § 102 ("the MERA") and 42 U.S.C. § 1981; in Count IV: intentional misrepresentation; in Count V: negligent misrepresentation; and in Count VI: breach of the implied covenant of good faith and fair dealing. Pending before this Court is Fallon's motion to dismiss all counts (Docket No. 12).

## I. *Facts as Alleged in the Complaint*

Bhawan, a 52 year old woman of Indian national origin, worked for Fallon as a physician for approximately fourteen years in the Urgent Care Department. Fallon compensates most of its physicians on a career-track pay scale and, after two years, offers them the opportunity to purchase shares in Fallon and a related entity, Lakeside Realty, Inc.

Bhawan was characterized as a "contract physician", was paid less than her colleagues and was never offered career-track or shareholder status. In 1988, she was told by Robert Yood, the Medical Director of Fallon, that she would be eligible for both. From 1988 through 1995, Bhawan periodically inquired about getting career-track and shareholder status, but was told that her lack of a completed residency and Board certification or Board eligibility stood in her way.

In May, 1995, Bhawan learned that Gregory Lazan, a younger, non–Indian, male physician in the Urgent Care Department, who had neither completed a residency nor was Board-certified or Board-eligible, had been granted both career-track and shareholder status. She informed her department head, Dr. Michael Martin, that she thought she was being treated unfairly. He agreed and told her the situation would be rectified. She relied upon his word and waited.

Fallon's By-laws provide that physicians offered shareholder status have a window of opportunity each year between July 1 and September 30 to purchase a share. Dr. Martin did not recommend that Fallon offer Bhawan shareholder status and conform her compensation to the career-track pay scale until September 27, 1995. Fallon did not act upon that recommendation prior to Bhawan's termination on June 30, 1996.

On December 18, 1996, Bhawan filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). On June 3, 1997, she commenced suit in the Massachusetts Superior Court. Fallon removed the case to this Court.

## II. *Analysis*

### A. *Standard for Motions to Dismiss*

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiff can prove no facts in support of her claim that entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the complaint and if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

### B. *Counts I & II: The Discrimination & Equal Pay Claims*

In Count I, Bhawan alleges that Fallon discriminated against her on the basis of her age, sex and national origin, in violation of Chapter 151B, Title VII and the ADEA. Fallon contends that all of those claims are time-barred.

One who wishes to pursue a claim under Chapter 151B must file a charge of discrimination with the MCAD within six months of the alleged act of discrimination. M.G.L. c. 151B, § 5. One who wishes to pursue claims under Title VII or the ADEA must file them with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e–5(e). According to Fallon, those limitations periods began to run in May, 1995, when Bhawan believed that she was being treated unfairly or, at the latest, on

June 4, 1996, when she received written notification that her employment was terminated.

■ The alleged discrimination, however, involved pay violations which are of a continuing nature. The limitations period did not begin to run, therefore, until the last discriminatory act occurred and that was when Bhawan received her final paycheck in July, 1996. *See Bazemore v. Friday,* 478 U.S. 385, 395, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986); *Sabree v. United Brotherhood of Carpenters and Joiners,* 921 F.2d 396, 400 (1st Cir.1990). Bhawan's claims were, therefore, timely filed with the MCAD and the EEOC.

Fallon makes the same timeliness argument with respect to Count II of the compliant which alleges violations of both the Massachusetts and Federal Equal Pay Acts. In Massachusetts, the same procedural requisites of a Chapter 151B claim apply to equal pay claims. *Jancey v. School Committee of Everett,* 421 Mass. 482, 487, 658 N.E.2d 162 (1995). Because Bhawan complied with those requirements, her equal pay claim survives.

The FEPA has a two year statute of limitations. 29 U.S.C. § 255(a). Bhawan received her last paycheck in July, 1996. She amended her complaint to assert a FEPA claim on August 11, 1997, well within that two year period.

### C. *Count III: Claims under the MERA Claim and Section 1981*

■ In Count III, Bhawan alleges that Fallon denied her enjoyment of the same rights as white males to make and enforce contracts, in violation of the MERA. Bhawan cannot pursue an MERA claim, however, because Chapter 151B is the exclusive state law remedy for employment discrimination complaints. *See Woods v. Friction Materials, Inc.,* 30 F.3d 255, 264 (1st Cir.1994).

■ Bhawan may, however, pursue a claim under 42 U.S.C. § 1981 because Chapter 151B cannot preempt federal law.

### D. *Counts IV–VI: The Common Law Claims*

■ Fallon contends that Bhawan's three common law claims are preempted by Chapter 151B because they are based upon the same conduct which forms the basis of a statutory discrimination claim. That contention is not persuasive.

Bhawan's misrepresentation claims (Counts IV & V) allege that Fallon's agents lied to her about the reason she was not granted career-track and shareholder status. She need not prove intent to discriminate in order to recover on those claims. On the other hand, Bhawan need not prove that she was lied to in order to recover on her discrimination claims. Chapter 151B does not, therefore, preempt the misrepresentation claims.

■ In Count VI, Bhawan alleges that Fallon breached the implied covenant of good faith and fair dealing by firing her before. granting her career-track and shareholder status. Massachusetts recognizes a claim for breach of the implied covenant of good faith and fair dealing when a plaintiff shows that an employer's reason for discharge was contrary to public policy, but that cause of action exists only when there is no other adequate way to vindicate the public policy. *Grubba v. Bay State Abrasives, Division of Dresser Industries, Inc.,* 803 F.2d 746, 747 (1st Cir. 1986). Bhawan has herself cited a panoply of laws under which she seeks redress for her employer's alleged wrongdoing. The available remedies provide adequate means for vindicating her rights.

### ORDER

For the foregoing reasons:

1) Fallon's motion to dismiss is **DENIED** with respect to Bhawan's claims pursuant to:

a) Chapter 151B,

b) Title VII,

c) the ADEA,

d) the MEPA,

e) the FEPA,

f) 42 U.S.C. § 1981,

g) common law intentional misrepresentation, and

h) common law negligent misrepresentation; and

2) Fallon's motion to dismiss is **AL-LOWED** with respect to· Bhawan's claims pursuant to:

a) the MERA, and

b) the implied covenant of good faith and fair dealing.

So ordered.