HENRY PARKER'S CASE.

Suffolk. March 3, 1970. — May 1, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Incapacity.

Evidence in a workmen's compensation case warranted findings by the reviewing board that an injury to the claimant on his employer's premises, when hit "on the back of the head with a lead pipe" wielded by a fellow employee, was not provoked by the claimant and did not occur during a fight, although there had been bad blood between the employees, and that the claimant's injury arose out of and in the course of his employment. [345]

Evidence in a workmen's compensation case did not warrant a finding by the reviewing board that incapacity of the claimant occurring about fourteen months after an injury to his head and continuing thereafter for about twenty months was a result of such injury. [346]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Mitchell, J.*

*Ernest W. Piper, Jr.,* for the employee.

*John P. Morgan* for the self-insurer.

REARDON, J. The employee, Henry Parker, claims compensation as a result of an injury occurring on October 19, 1965, when he was struck in the head while at work on company premises by a piece of pipe wielded by a fellow employee. The wound required eleven stitches, and as a result of this injury he was out of work until December 2, 1965, when he went to work for another company. After three days' employment there he injured his back, for which he received workmen's compensation benefits up to August 22, 1966, when he made a lump sum settlement for his back injury. The single member found that the employee went to work for another employer on August 22, 1966, and worked for approximately four months, at the end of which time he was forced to quit because of continuing headaches, and that he has not worked since that time. The single member also found that the employee was totally incapacitated for work from December 22, 1966, to August 30, 1968, which incapacity was related to the employee's injury of October 19, 1965. He thus awarded compensation to the employee for total incapacity from October 19, 1965, to December 2, 1965, and from December 22, 1966, to August 30, 1968. The reviewing board affirmed the single member's decision and the Superior Court entered a decree in accordance therewith except as to disability. The court found no evidence of a compensable disability from December 22, 1966, to August 30, 1968. Both the employee and the self-insurer appealed from the decree of the court.

1. We read the board member's finding as one that the

employee was hit "on the back of the head with a lead pipe
for no reason whatsoever; that he . . . did or said nothing
to provoke this." While there was evidence that there had
been bad blood between Parker and a fellow employee which
led to his injury, there was sufficient evidence to support a
finding that there was no fight and that Parker did not
provoke the fellow employee into striking him. It could be
found that his injury occurred while he was at work and
proceeding in the course of his employment on an errand con-
nected with it. We have no doubt that Parker was struck
in the course of his employment. G. L. c. 152, § 26. We
also incline to the view that the injury arose out of his em-
ployment. We have elsewhere stated, "An injury arises out
of the employment if it arises out of the nature, conditions,
obligations or incidents of the employment; in other words,
out of the employment looked at in any of its aspects."
*Caswell's Case*, 305 Mass. 500, 502. A full discussion of the
reasons underlying our opinion with appropriate citation is
to be found in *Baran's Case*, 336 Mass. 342, 344, and, as in
that case, it is our belief that here "the employee was upon
his employer's premises occupying himself consistently with
his contract of hire in some manner pertaining to or inci-
dental to his employment" when he was injured. See
*Dillon's Case*, 324 Mass. 102; Horovitz, Assaults and Horse-
play Under Workmen's Compensation Laws, 41 Ill. L.
Rev. 311, 339–341.

We thus do not disturb the general finding of the review-
ing board supported as it is by evidence and not tainted by
error of law even though we recognize that the board could
have made a different finding. *Hartman's Case*, 336 Mass.
508, 511, and cases cited.

2. We see no error in the award of compensation to the
employee for the period between October 19, 1965, and
December 2, 1965. We agree with the trial judge that there
is no evidence in the record to sustain the finding that the
disability of the employee from December 22, 1966, to
August 30, 1968, was a result of the injury. The single mem-
ber found that the employee had worked for another em-

ployer beginning August 22, 1966, for four months and had not worked since that time. Yet the testimony was that he had worked for still another employer until three months before a hearing on March 21, 1968. The single member referred to an examination by a neurologist on August 30, 1968. This was not the evidence, the only medical evidence from the neurologist being that he had seen the employee on that date but had not examined him, and that on an earlier examination on April 25, 1968, the neurological examination was "essentially normal." Other evidence offered by the employee as to the length of his disability is most confused. There was not evidence in the record sufficient to sustain the finding of the board that the employee was disabled as a result of his injury from December 22, 1966, to August 30, 1968.

*Decree affirmed.*