**Armand E. ST. ARNAUD and Judith St. Arnaud, Plaintiffs,**

v.

**The CHAPDELAINE TRUCK CENTER, INC., Defendant.**

Civ. A. No. 92–40181–GN.

United States District Court, D. Massachusetts, Worcester Division.

Oct. 8, 1993.

Stephen M. CampoBasso, CampoBasso Law Office, Leominster, MA, for plaintiffs.

Rosemary J. Nevins, Skoler, Abbott & Presser, Springfield, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Factual and Procedural Background*

Plaintiffs, Armand and Judith St. Arnaud brought this action on November 4, 1992 for damages for the alleged wrongful demotion and termination of employment of Mr. Arnaud by his former employer, defendant Chapdelaine Truck Center, Inc. ("Chapdelaine"). Plaintiffs' Complaint is comprised of eight counts, including allegations of age discrimination contrary to federal and state law, violations of federal benefits statutes, ERISA and COBRA, wrongful termination in breach of a covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, loss of consortium and breach of contract. Pending before this Court is Defendant's Motion to Dismiss the four so-called common law counts of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II. *Legal Analysis*

In order to dismiss the subject counts pursuant to Fed.R.Civ.P. 12(b)(6), the Court must find that the plaintiffs have failed, with respect to those counts, to set forth claims upon which relief can be granted. With regard to Counts IV, V, VI, VII of the Complaint, we believe that such is the case.

A. *COUNT IV—Wrongful Termination based on the Breach of an Implied Covenant of Good Faith and Fair Dealing*

■■■ As a general rule in Massachusetts, employers can terminate the employment of an at-will employee at any time with or without cause. *Frankina v. First National Bank of Boston,* 801 F.Supp. 875, 883 (D.Mass. 1992), *Bergson v. Franchi,* 783 F.Supp. 713, 717 (D.Mass.1992). However, exceptions to that general rule have been recognized by this Court. First, a covenant of good faith and fair dealing may be implied in situations in which the employers would be unjustly enriched by depriving the employees of compensation for past services. Secondly, employers may be held liable where the method of termination violates a clearly established public policy. *Id.*

■■■ Plaintiff, Armand St. Arnaud ("the Employee"), has failed to state a claim based on either of these two exceptions to the at-will termination rule. The loss of income and loss of future pension benefits which the Employee alleges was caused by defendant's actions do not fall within the narrow scope of the first exception. As this Court recently explained, "... only those terminations that deprive a discharged employee of earned compensation fall within this narrow exception." *Frankina,* 801 F.Supp. at 883; *Bergson,* 783 F.Supp. at 717.

■■■ With respect to the public policy exception, this Court finds no common law cause of action where the public policy raised is protected by other statutory schemes. In *Frankina,* as in this case, the plaintiff alleged that defendant wrongfully terminated his employment in order to avoid paying pension benefits and thus violated the public policy against age discrimination. *Frankina,*

801 F.Supp. at 884. As this Court found in that case:

> [w]here the legislature has already provided a comprehensive remedial statutory scheme, Massachusetts courts will not create a new cause of action for a violation of the public policy.

*Id.,* citing *Melley v. Gillette Corp.,* 19 Mass. App.Ct. 511, 513, 475 N.E.2d 1227 (1985), aff'd 397 Mass. 1004, 491 N.E.2d 252 (1986). Because the public policy against age discrimination is already comprehensively covered by the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, the public policy exception to the at-will termination rule will not apply.

■■■ Furthermore, and in the alternative, even if the Employee succeeded in qualifying for one of the exceptions to the at-will termination rule, his wrongful termination claim is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1144(a). Subsection 1144(a) provides that "the provisions of [ERISA] supersede any and all State laws insofar as they may now or hereinafter relate to any employee benefit plan" which is protected by the Act. *See Frankina,* 801 F.Supp. at 884 n. 4. Section 510 of ERISA contains a wrongful discharge provision which thus supersedes any similar state doctrine. In *Treadwell v. John Hancock Mutual Life Insurance Co.,* 666 F.Supp. 278, 282 (D.Mass.1987), this Court found that plaintiff's state law claim for wrongful discharge, which alleged that defendants forced him to retire early so as to avoid paying retirement plan benefits, "clearly relate[d] to an employee benefit plan" and was therefore preempted by section 510 of ERISA.

Accordingly, Count IV of Plaintiffs' Complaint is dismissed.

B. *COUNT V—Intentional Infliction of Emotional Distress*

*COUNT VI—Negligent Infliction of Emotional Distress*

*COUNT VII—Loss of Consortium*

■■■ The Employee's claims for tortious infliction of emotional distress contained in Counts V and VI of the Complaint are clearly

barred by the exclusivity provisions of M.G.L. c. 152, § 24. That provision states, in pertinent part:

> An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right. . . .

If such notice is not given, a plaintiff is held to have waived his or her right where the plaintiff is an employee, his or her condition is shown to be a "personal injury" within the meaning of the Act and the injury arose "out of and in the course of employment". *Foley v. Polaroid Corporation*, 381 Mass. 545, 548–49, 413 N.E.2d 711, 714 (1980).

 The Employee was employed by defendant corporation and, contrary to plaintiffs' contentions in their "Memorandum in Opposition to the Defendant's Motion to Dismiss", the alleged injury arose "out of and in the course of employment." According to Plaintiffs, the Employee's emotional distress was the result of his demotion and ultimate termination of employment. Such actions certainly arise out of the course of employment, which has been defined as falling within the "nature, conditions, obligations or incidents of employment" *Parker's Case*, 357 Mass. 343, 345, 258 N.E.2d 308, 309 (1970).

 The requirement that the condition be a "personal injury" is likewise readily satisfied. Pursuant to M.G.L. c. 152, § 29, ". . . action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter." Moreover, this Court has consistently applied the provisions of M.G.L. c. 152, § 24 to claims for the infliction of emotional distress: "[A] claim of emotional distress, whether intentionally or negligently inflicted, is also barred by the exclusivity provision of the Act." *Grosick v. Smith & Wesson*, 1989 Lexis 12458 (D.Mass.1989). Therefore, as confirmed by this Court in *Parisi v. Trustees of Hampshire College*, 711 F.Supp. 57, 63 (D.Mass.1989): "[i]t appears well settled that claims for personal injury including emotional distress resulting from employment termination, wrongful or otherwise are precluded by this exclusivity provision."

Accordingly, Counts V and VI of Plaintiffs' Complaint are dismissed.

### C. *COUNT VII—Loss of Consortium*

 The claim of Plaintiff, Judith St. Arnaud ("the Spouse") for loss of consortium is equally barred by the above-referenced exclusivity provisions of M.G.L. c. 152, § 24. The 1985 Amendment to § 24 specifically states that when an employee fails to reserve his or her rights at common law:

> "the employee's spouse . . . shall also be held to have waived any right of action at common law against such employer for damage due to loss of consortium . . . when such loss is a result of injury to the employee that is compensable under this chapter."

*See Soares v. Gotham Ink of New England, Inc.*, 32 Mass.App.Ct. 921, 586 N.E.2d 32 (1992); *St. Germaine v. Pendergast*, 584 N.E.2d 611, 411 Mass. 615, 624–25 (1992) (holding that spouses' claims for loss of consortium are equally barred by "exclusive remedy" section of Workers' Compensation Act.)

Accordingly, the Spouse's claim for loss of consortium is dismissed, as are the Employee's claims for tortious infliction of emotional distress, because it is barred by the provisions of the Workers' Compensation Act, M.G.L. c. 152, § 24.

### III. *ORDER*

For the foregoing reasons, Defendant's Motion to Dismiss Counts IV, V, VI and VII of the Complaint is **ALLOWED.**

So Ordered.