**John STAFFIER and Pamela Staffier, Plaintiffs,**

v.

**SANDOZ PHARMACEUTICALS CORP., Defendant.**

**Civ. A. No. 93–40023–NMG.**

United States District Court, D. Massachusetts.

June 19, 1995.

---

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiffs, John and Pamela Staffier, bring this action against the defendant, Sandoz Pharmaceuticals Corp. ("Sandoz"), claiming age and handicap discrimination, in violation of both M.G.L. c. 151B and c. 93, § 103, and loss of consortium. Pending before this Court is the motion of Sandoz for summary judgment on all three counts of the plaintiffs' amended complaint.

## I. BACKGROUND

The relevant facts are recited in the light most favorable to the Staffiers. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

John Staffier ("Staffier") worked for Sandoz in a variety of positions from 1956 to 1983, at which time he held the position of Senior Associate Medical Sciences Liaison. In September, 1983, Staffier took a medical leave of absence for depression and emotional stress. He remained on long-term disability for almost nine years, until early 1992.

On February 5, 1992, Staffier informed Carolyn Hammond, the Associate Director of Human Resources at Sandoz, that he wanted to return to work. Hammond referred Staffier to the Sandoz Corporate Health Department, from which Staffier had to obtain medical clearance. The Health Department, in turn, informed Staffier that, in order to gain clearance, he had to submit a certificate of "fitness to work" completed by a physician.

Frederick T. Golder, Bernstein, Golder & Miller, Lynnfield, MA, Richard T. Tucker, Weinstein, Bernstein & Burwick, Worcester, MA, for plaintiff John Staffier.

Frederick T. Golder, Bernstein, Golder & Miller, Lynnfield, MA, for plaintiff Pamela M. Staffier.

Patrick M. Stanton, Peter O. Hughes, Stanton, Hughes, Diana & Zucker, P.C., Florham Park, NJ, Kevin Light, Choate, Hall & Stewart, Boston, MA, for defendant Sandoz Pharmaceuticals, Sandoz Pharmaceuticals Corp.

On March 5, 1992, Sandoz received a letter from Dr. William Rothney stating that Staffier could return to work on June 1, 1992. Dr. Rothney did not, however, complete the required medical certification form nor submit pertinent information sought in that form.[1] Consequently, Sandoz did not consider Staffier cleared to return to work at that time.

During the remainder of March and all of April, 1992, both Sandoz and Staffier failed to contact Dr. Rothney, or any other physician, to obtain the necessary medical clearance. Finally, on or about May 5, 1992, Sandoz

1. The letter did not address: a) the nature of Staffier's disability, b) the medication, if any, that Staffier would be taking while on the job, c) special procedures, if any, necessary to accommodate Staffier's disability, or d) conditions or limitations on Staffier's ability to perform his job.

waived the medical certification requirement and cleared Staffier to return to work based solely on Dr. Rothney's letter.

On May 13, 1992, Ms. Hammond notified Staffier that there were no openings at his previous position, Senior Associate Medical Sciences Liaison, which he had held nearly nine years earlier. Instead, Staffier was offered eighteen possible positions as a sales representative in the Office–Based Sales Division. Staffier, however, rejected those positions because they were 1) entry-level jobs that would constitute a demotion and 2) located outside of New England.

Sandoz extended Staffier's long-term disability benefits until August 31, 1992, so that the parties could find a suitable position for him with the company. In addition, Sandoz offered Staffier a salary equal to that which he was earning before his medical leave of absence, regardless of the position eventually accepted.

Sometime in July, 1992, Staffier asked Ms. Hammond about two sales representative jobs that he believed had opened up in Massachusetts. Ms. Hammond was unaware of those openings but, upon investigation, learned that 1) two positions in Massachusetts had been available in early 1992, and 2) two candidates had been recruited and hired to fill those positions by mid April, 1992.

On August 12, 1992, Sandoz extended Staffier's leave of absence for six months enabling him to wait for an opening in Massachusetts. He informed Sandoz that he was no longer interested in extending his leave of absence and instead opted for an early retirement effective August 31, 1992. Staffier commenced this lawsuit on December 24, 1992.

## II. SUMMARY JUDGMENT

■ Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to the plaintiffs, the nonmoving parties, and indulge all reason-

able inferences in their favor. *O'Connor,* 994 F.2d at 907.

■ With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to support the non-moving party's case." *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the nonmoving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) (*citing Andersen* ). The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

## III. DISCUSSION

### A. Age and Handicap Discrimination in Violation of M.G.L. c. 151B (Count 1)

In count 1, the plaintiffs claim that Sandoz committed age and handicap discrimination, in violation of the Massachusetts employment discrimination statute, M.G.L. c. 151B, when it failed to grant Staffier one of the two sales representative positions that became available in early 1992. In examining a claim of age and/or handicap discrimination under Chapter 151B where there is no direct evidence of such discrimination, the Court applies a version of the burden-shifting framework first adopted in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and recently modified by the Supreme Judicial Court of Massachusetts ("the SJC") in *Blare v. Husky Injection Molding Systems Boston, Inc.,* 419 Mass. 437, 646 N.E.2d 111 (1995). *See also White v. University of Massachusetts at Boston,* 410 Mass. 553, 557, 574

N.E.2d 356 (1991); *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 263 (1st Cir.1994).

■ Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. To establish a prima facie case of discrimination in this case, which is, in essence, a failure-to-hire situation, the plaintiffs need to show that:

1) Staffier is a member of a protected class,

2) Staffier applied and was qualified for the position in question,

3) despite his qualifications, Staffier was rejected, and

4) after rejection, the position remained open and the employer continued to seek applicants from persons with Staffier's qualifications.

*See Woods,* 30 F.3d at 259.

■ If the plaintiffs carry their burden to establish a prima facie case of discrimination, it will be presumed that Sandoz engaged in handicap and/or age discrimination. *See Id.* At that point, the burden shifts to Sandoz to "rebut this presumption by articulating a legitimate, non-discriminatory reason for its decision not to hire [Staffier]." *Id.* at 260.

■ The SJC has recently drawn an important distinction between Chapter 151B and the federal anti-discrimination provisions of Title VII at the third and final stage of the *McDonnell Douglas* framework. *Blare,* 419 Mass. at 440–45, 646 N.E.2d 111. Under Title VII, after the defendant has asserted its "legitimate" reason for its employment decision, "the claimant must prove *both* that the employer's articulated reason is false, and that discrimination was the actual reason for its employment action." *Woods,* 30 F.3d at 260 (emphasis in original, citations omitted). *See also St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993). Under Massachusetts law, however, the plaintiffs need only produce sufficient evidence to show that the employer's reasons are pretextual. *Blare,* 419 Mass. at 446, 646 N.E.2d 111 ("[I]f the fact finder concludes that the plaintiff has proved that the employer's reasons are a

pretext, then the plaintiff prevails"). The plaintiffs, therefore, need not present evidence of the company's alleged discriminatory animus to survive this summary judgment motion.

## 1. The Staffiers' Prima Facie Case

■ The plaintiffs claim that Sandoz discriminated against Staffier and thus violated Chapter 151B by failing to offer him an available sales representative position in Massachusetts. The Court finds, however, that the plaintiffs have not cleared their first hurdle to establish a prima facie case of discrimination.

The Court accepts, for the purposes of this motion, the claim that Staffier is a member of a protected class (by age and/or handicap), but the plaintiffs have not established that Staffier applied and was qualified for the sales representative position in question. Indeed, the evidence shows Staffier did not have medical clearance to return to work when the two sales positions were available. The date on which Staffier gained medical clearance is not in dispute. In his own deposition, Staffier stated that he received notice from Sandoz on or about May 5, 1992, that he was eligible to return to work. Plaintiff Dep. Tr. 131:10–15. The "Certification" of Dr. Sims ("Sims Cert.") supports Staffier's deposition testimony. Sims Cert. at 9.

The plaintiffs argue that Sandoz wrongfully withheld from Staffier clearance to return to work, but they have presented no evidence in support of that argument. *See* Fed. R.Civ.P. 56 (the nonmovant's mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of fact). Moreover, Sandoz' internal policy called for Staffier, not the company itself, to obtain the completed medical clearance form from his physician and have it submitted. Sims Cert. at 3.

Sandoz had no obligation to consider Staffier for any position with the company unless and until it received medical clearance for him to return to work. The undisputed evidence shows that Staffier was not cleared to return to work until May 5, 1992, by which time there were no sales representative posi-

tions available in Massachusetts. In addition, Staffier initially rejected offers to work as a sales representative in other states, at least, in part, because he considered such positions to be at an entry level and thus undesirable. Plaintiff Dep.Tr. 139:8.

 Establishing a prima facie case of discrimination under M.G.L. c. 151B is not an onerous burden. *Woods v. Friction Materials, Inc.,* 836 F.Supp. 899, 903–04 (D.Mass. 1993). Nevertheless, the Court concludes that the plaintiffs have not carried that burden because they have failed to show that:

1) there was an available sales representative position in Massachusetts at the time Staffier became qualified to fill such a position,

2) Staffier applied for, or even wanted, the job, or

3) the position at issue remained open and Sandoz continued to seek applicants for it after the company "rejected" Staffier.

*See Woods,* 30 F.3d at 259.

## 2. Sandoz' Articulated a "Legitimate" Reason for Not Hiring Staffier

 Even if the plaintiffs had carried their burden to establish a prima facie case of discrimination, their claim would fail. Sandoz articulated a legitimate, non-discriminatory reason for not hiring Staffier, namely that he had not yet received medical clearance to return to work when the two sales positions were available. *See Id.* at 260. That reason would be sufficient to rebut a presumption of discrimination under federal law, but Massachusetts Courts have required a stronger showing by employers in cases brought under M.G.L. c. 151B. *Id.* at 263. Under Chapter 151B, an "employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons." *Wheelock College v. Massachusetts Comm'n Against Discrimination,* 371 Mass. 130, 138, 355 N.E.2d 309, 314 (1976).

Sandoz has carried its burden under Chapter 151B. It has submitted numerous affidavits and deposition testimony explaining both Staffier's attempt to gain medical clearance

to return to work and Sandoz' hiring practices in the spring of 1992. The papers submitted by Sandoz provide evidence in support of its articulated reason. *See Woods,* 30 F.3d at 263.

## 3. Pretext

 Because Sandoz articulated a legitimate business reason for not offering Staffier one of the two sales representative positions available in early 1992, the burden would have shifted back to the plaintiffs even had they originally established a prima facie case. *See Woods,* 836 F.Supp. at 905. Thus, in order to survive this summary judgment motion, plaintiffs still would have had to offer:

> evidence sufficient to support a determination *either* that the employer's reason was a pretext *or* that the actual reason for the adverse hiring decision was discrimination
> . . .

*Blare,* 419 Mass. at 445, 646 N.E.2d 111 (emphasis added). In other words, the plaintiffs would have had to produce evidence sufficient to enable a jury to find that the reason given by Sandoz was a sham. *Cf. Woods,* 30 F.3d at 260; *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 9 (1st Cir.1990).

 The plaintiffs claim that the reason articulated by Sandoz is unbelievable, a sham and mere pretext because Sandoz 1) was aware that Staffier wanted to return to work but 2) chose to delay his clearance so that 3) it could avoid offering him one of the jobs at issue. The Staffiers have failed, however, to submit any evidence in support of their claim. Their assertion that Sandoz' reason is pretextual is, by itself, insufficient to withstand a motion for summary judgment. *See* Fed.R.Civ.P. 56; *See Blare,* 419 Mass. at 445, 646 N.E.2d 111; *see also Woods,* 30 F.3d at 262.

## 4. Summary

The plaintiffs' mere allegations are insufficient to survive summary judgment on Count 1. They have failed to establish a prima facie case of discrimination and further have failed to show that Sandoz' stated reason for its action was a pretext. Consequently, the Court will allow the defendant's motion for

summary judgment on Count 1. *See Blare,* 419 Mass. at 445, 646 N.E.2d 111.

**B. Age and Handicap Discrimination in Violation of M.G.L. c. 93, § 103 (Count 2)**

■ In Count 2, the plaintiffs claim that Sandoz' discriminatory conduct violated the Massachusetts Civil Rights Act, M.G.L. c. 93, §§ 102 et seq. The First Circuit has held, however, that the Massachusetts employment discrimination statute, M.G.L. c. 151B, is the "exclusive state law remedy for employment discrimination complaints" and thus preempts claims brought under M.G.L. c. 93, § 103. *Woods,* 30 F.3d at 264 (*citing Woods,* 836 F.Supp. at 908). This Court, therefore, will allow Sandoz' motion for summary judgment with respect to Count 2.

**C. Loss of Consortium (Count 3)**

■ In Count 3, the plaintiffs seek damages for Pamela Staffier's loss of consortium resulting from the alleged discriminatory treatment of her husband by Sandoz. This Court rejects the plaintiffs' claim in Count 3 for two reasons:

1) the plaintiffs have failed to present triable issues of fact on Counts 1 and 2, as a result of which the Court has granted defendant's motions for summary judgment on those counts, and

2) a spouse is not entitled to assert a claim for consortium ancillary to an action under the Massachusetts Civil Rights Act.[2] *See Tauriac v. Polaroid Corp.,* 716 F.Supp. 672, 674 (D.Mass.1989).

The Court, therefore, will allow the defendant's motion for summary judgment on Count 3.

**ORDER**

For the foregoing reasons, defendant's Motion for Summary Judgment with respect to all three counts is ALLOWED.

---

**2.** The plaintiffs have apparently recognized that their loss of consortium claim lacks merit because they have not opposed Sandoz' motion for summary judgment on Count 3.