Carhart, J.
These consolidated cases are currently before the court on defendant’s motions for summary judgment. Although the facts of each case are slightly different, the theories of liability are similar and the underlying cause of action is one of age discrimination in violation of G.L.c. 151B, the Anti-Discrimination Statute. Defendant’s motions for summary judgment also rest on similar theories.[3]
BACKGROUND
Plaintiffs Rodrigue S. Valliere III (“Valliere”), Karl Gawron (“Gawron”) and William E. Sowa (“Sowa”) are former employees of defendant Rexam Graphics, Inc. or its predecessor in interest, Graphics Technology International, Inc. (jointly referred to as the “Company”). It is undisputed that the Company began to experience serious financial difficulties in 1989 which continued through 1993. The Company maintains that, in order to remain economically viable, it was required to reduce its operating costs. This was accomplished, in part, by a reduction in its labor force. Valliere, Gawron and Sowa were all terminated in furtherance of the Company’s labor force reductions.
The plaintiff employees brought their multi-count complaints alleging discrimination on the basis of age *595 in violation of G.L.c. 151B together with claims for negligent infliction of emotional distress, breach of contract of employment, and breach of the covenant of good faith and fair dealing. Spouses of Valliere and Sowa joined in their complaints, seeking to recover for loss of consortium.
DISCUSSION
1. Summary Judgment Standard
Summary judgment will be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
2. Age Discrimination in Employment
Chapter 15 IB, §4(1B) states, in relevant part, that “[i]t shall be an unlawful practice . . . [flor an employer in the private sector, by himself or his agent, because of the age of any individual, to . . . discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.” Unless a different meaning clearly appears from the context of the statute, the term ‘age’ includes “any duration of time since an individual’s birth of greater than forty years.” G.L.c. 151B, §1(8).
Massachusetts courts, in interpreting G.L.c. 151B, may look to the interpretations of the Federal anti-discrimination statute. College-Town, Div. of Interco, Inc., v. Massachusetts Comm’n Against Discrimination, 400 Mass. 156, 163 (1987). Additionally, Massachusetts courts have recognized a distinction between employment discrimination cases in which “disparate treatment” is alleged, and those alleging “disparate impact.” Smith College v. Massachusetts Comm’n Against Discrimination, 376 Mass. 221, 227 (1978). These are discussed separately in turn.
A. Disparate Treatment
In applying the antidiscrimination statute in a disparate treatment case, Massachusetts follows the three-stage order of proof used by the Federal courts under the Federal antidiscrimination provisions of Title VII. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 440 (1995); Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 134-36 (1976). See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
In the first stage of proof, “the plaintiff has the burden to show by a preponderance of the evidence a prima facie case of discrimination.” Blare, supra at 441. This burden is met with evidence that (1) the plaintiff is a member of a class protected by G.L.c. 15 IB; (2) he performed his job at an acceptable level; (3) he was terminated; and (4) his employer sought to fill the plaintiffs position by hiring another individual with qualifications similar to the plaintiffs. Id.
In the case at bar, it is undisputed that plaintiffs are all members of the protected class of employees over the age of forty years. Each has proffered sufficient evidence to permit an inference that he performed his job at an acceptable level. It is undisputed that each was terminated. Finally, each of the employee plaintiffs has offered evidence that the Company filled his position, in whole or in part, with younger employees who were retained throughout the reduction in force. Accordingly, each employee plaintiff has sustained his initial burden of making out a prima facie case of age discrimination.
In the second stage of proof, the employer may rebut the presumption of discrimination created by the plaintiffs’ prima facie case by articulating a legitimate, nondiscriminatory reason for the terminations. Blare, supra at 441; Wheelock College, supra at 136, quoting McDonnell Douglas, 411 U.S. 792. “(A]n employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons.” Wheelock College, supra&t 138, quoted in Blare, supra at 442.
Defendant, to meet this burden, has offered affidavits tending to show that the terminations of Valliere, Gawron and Sowa were the result of individual business decisions made in the context of the Company’s necessary labor force reductions. The affidavits indicate that the termination decisions were based on the recommendations of each plaintiffs immediate supervisor, who took into consideration a vaiieiy of factors such as experience, training, flexibility and education in order to retain those employees best suited to carry the Company into the future. With this evidence, defendant has met its second-stage burden of articu *596 lating legitimate nondiscriminatory reasons for the terminations.
When the defendant in an age discrimination case satisfies its second-stage burden of production, the presumption created by a plaintiffs prima facie showing drops from the case. Blare, supra at 443. The burden then shifts back to plaintiff in the third stage of proof to show either that the employer’s articulated reasons are a pretext or by direct evidence that the actual motivation was discrimination. Id. at 444.
Plaintiffs here have offered expert statistical evidence which, if viewed in a light most favorable to plaintiffs as nonmoving parties, could reasonably support an inference of age discrimination. It follows from this that defendant’s articulated reasons for the terminations may be, at least in part, pretext. At this point, “[t]he ultimate issue of discrimination, raised by the plaintiff[s’] and defendant[’s] conflicting evidence as to the defendant[’s] motive, is not for a court to decide on the basis of affidavits, but is for the fact finder after weighing the circumstantial evidence and assessing the credibility of the witnesses.” Blare, supra at 445.
“Summary judgment is a disfavored remedy in the context of discrimination cases based on disparate treatment.” Blare, 419 Mass. at 439; Brunner v. Stone & Webster Eng’g Corp., 413 Mass. 698, 705 (1992). “The ultimate question of the defendant(’s) state of mind is elusive and rarely is established by other than circumstantial evidence, . . . which requires the jury to weigh the credibility of conflicting explanations of the adverse hiring decision.” Blare, supra at 439-40, citing Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 137 (1976).
B. Disparate Impact
In a discrimination claim alleging disparate impact, the plaintiff need not prove that the employer’s termination decision was motivated by a discriminatory animus. Brunner, supra at 699-700; Smith College, supra at 227. The burden-shifting principles enunciated in McDonnell-Douglas and adopted by the Massachusetts courts in Wheelock College and Blare are inappropriate in disparate impact cases. Cox v. New England Telephone & Telegraph Co., 414 Mass. 375, 385 (1993). In their disparate impact claim, plaintiffs essentially contend that, although the defendant’s stated criteria for termination are appar-ently neutral, they have a discriminatory impact on plaintiffs, who are, on average, disproportionately older than those employees retained by the Company.
Defendant sirgues that the plaintiffs have failed to sustain their summary judgment burden of identifying (he facially neutral policy which, when employed by the Company, resulted in a disparate impact. This argument is disingenuous insofar as defendant, in moving for summary judgment, has assumed the position that there is no genuine issue of material fact, and has further asserted the position that the plaintiffs’ terminations were the result of a neutral business decision based on experience, skill, education and training. Plaintiffs have offered their expert statistical analysis. Such statistical evidence that older employees were terminated at a disproportionate rate may provide strong evidence of age discrimination. Goldman v. First National Bank of Boston, 985 F.2d 1113 (1st Cir. 1993). Defendant is thus not entitled to summary judgment as a matter of law.
3. Exclusivity of Remedy Under Chapter 151B
Defendant has argued that all of plaintiffs’ claims, other than those alleging discrimination per se, must be dismissed because Chapter 15IB is an exclusive remedy. This is not so. Chapter 15 IB is not necessarily an exclusive remedy for discrimination. The Supreme Judicial Court stated, in Comey v. Hill, 387 Mass. 11 (1982), that “[although G.L.c. 151B is a comprehensive statute in the sense that it covers various acts and practices where the possibility for discrimination is evident, we do not view the statute as tending to narrow or eliminate a person’s common law rights where applicable. The statute broadens existing remedies rather than requiring resort to it as exclusive of all other remedies. Particularly in the area of age discrimination, the statute specifically states that nothing contained in this chapter shall be deemed to repeal.. . any other law of the commonwealth relating to discrimination because of age. G.L.c. 151B, §9. Thus we conclude that c. 15IB was not meant to be an exclusive remedy.” 387 Mass. at 15 (emphasis supplied), citing Jennings v. Commonwealth, 17 Pick. 80, 82 (1835) (repeal of common law by implication of statute not inferred; legislative intent must be manifest). Accord, Charland v. Muzi Motors, 417 Mass. 580 (1994) (c. 15IB is exlusive remedy for employment discrimination claims not otherwise based on pre-ex-isting common law tort principles of constitutional protections). Also see, J.R. Nolan and L.J. Sartorio, Tort Law: Discrimination in Employment, §531, 37A Mass. Practice Series (2d ed. 1989). Where a remedy sought is grounded in common law theories of liability, therefore, it will not be barred by c. 151B exclusivity. See, M. Heins, 76 Mass. Civil Rights Law, Mass.L.Rev. 26, 44 (Spring 1991).
Nevertheless, in these consolidated age discrimination cases, plaintiffs common law tort claims cannot survive. This is not because of any exclusivity of remedy under c. 151B, but rather because plaintiffs’ tort claims are subject to the exclusivity provision of the worker’s compensation laws. See discussion below. Plaintiffs’ contract claims, insofar as they are common law contract claims, are not barred by the anti-discrimination statute.
4. Exclusivity of Remedy Under Worker’s Compensation Act
Plaintiffs’ common law tort claims of negligent infliction of emotional distress cannot survive summary judgment because they are precluded by the exclusiv *597 ity provision of the Massachusetts worker’s compensation statute, G.L.c. 152, §24. Hamilton v. Baystate Medical Educ. & Research Foundation, Inc., 866 F.Supp. 51 (D.Mass. 1994). The exclusivity bar applies even where the allegedly injurious actions occur in the course of termination of employment. Id. at 56, citing Bertrand v. Quincy Market Cold Storage & Warehouse Co., 728 F.2d 568 (1st Cir. 1984). Accord, St. Arnaud v. Chapdelaine Truck Center, Inc., 836 F.Supp. 41 (D.Mass. 1993). In Delaware State College v. Ricks, 449 U.S. 250 (1980), the Court held that the limitations period in a Title VII claim under the Civil Rights Act of 1964 commences on the date of the unlawful employment decision, not on the date on which termination actually occurs. It follows from this line of reasoning that the unlawful discrimination, if it took place at all, occurred when the defendant employer decided to discharge the plaintiffs and so notified them. Thus, any tortious “injuiy” to plaintiffs occurred in the course of employment, and it is therefore both compensable under the worker’s compensation act and subject to its exclusivity provision. G.L.c. 152, §24.
5. Loss of Consortium
Under Massachusetts law, the exclusivity provision of the worker’s compensation statutes precludes common law actions for loss of consortium. St. Germaine v. Pendergast, 411 Mass. 615 (1992). Further, the First Circuit, interpreting Massachusetts law, has held that the spouse of a victim of employment discrimination may not recover damages for loss of consortium in an action under c. 15IB. Tauriac v. Polaroid Corp., 716 F.Supp. 672 (D.Mass. 1989), cited in 1 Mass. Jur., §8:91. Accord, Staffier v. Sandoz Pharmaceuticals Corp., 888 F.Supp. 287 (D.Mass. 1995).
6. Plaintiffs’ Common Law Contract Claims
Plaintiffs’ contract claims are not necessarily barred by the exclusivity provision of the worker’s compensation laws. See Felinska v. New England Teamsters and Trucking Industry Pension Fund, 855 F.Supp. 474 (D.Mass. 1994) (where employee’s claims for intentional interference with advantageous relations and constructive discharge sought contract damages, and not compensation for personal injuries, claim was not precluded by exclusivity provision of Worker’s Compensation Act); St. Arnaud, supra (terminated employee’s claims for emotional distress resulting in part from termination of employment is “personal injury” for purposes of exclusivity provision of Worker’s Compensation Act). Compare, Parisi v. Trustees of Hampshire College, 711 F.Supp. 57 (D.Mass. 1989) (discharged employee’s claims against college for physical and emotional injuiy resulting from alleged breach of contract were claims for personal injuiy arising out of and in the course of employment, and recovery was precluded by exclusivity provision of Worker’s Compensation Act). The key to whether the Worker’s Compensation Act precludes a common law right of action is the nature of the injury for which the plaintiff seeks to recover, and not the nature of the defendant’s alleged act. Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377 (1994), review denied, 419 Mass. 1101.
In their breach of contract claims, plaintiffs seek contract damages. Accordingly, defendant is not entitled to summary judgment on the claims for breach of employment contract. However, in their claims for breach of the covenant of good faith and fair dealing, plaintiffs seek damages for lost earnings and other employment benefits as well as for humiliation and mental and physical pain and anguish. Defendant is entitled to summary judgment, on the ground of worker’s compensation exclusivity, on so much of Count v. of each complaint as seeks damages for “personal injuiy” otherwise compensable under the worker’s compensation laws.
ORDER
Defendant’s motions for summary judgment are ALLOWED as to plaintiffs’ claims for negligent infliction of emotional distress, loss of consortium, and so much of plaintiffs’ contract claims for breach of the implied covenant of good faith and fair dealing as seek damages for personal injuiy otherwise compensable under the worker’s compensation laws. Defendant’s motions for summary judgment are DENIED as to plaintiffs’ discrimination claims, claims for breach of employment contract and so much of plaintiffs’ claims for breach of the implied covenant of good faith and fair dealing as seek contract damages.

Defendant sought summary judgment in the Valliere case on the ground that plaintiff failed to comply with the six-month limitations period for filing his claim with the Massachusetts Commission Against Discrimination. That argument is not the proper subject of a summary judgment motion.

Rita L. Sowa.