Joseph LORENC and Laurie
Lorenc Plaintiffs,

v.

BE FREE, INC., Gordon Hoffstein and
Stephen Joseph Defendants

No. CIV.A. 00–CV–12220NG.

United States District Court,
D. Massachusetts.

Jan. 5, 2001.

Robert S. Sinsheimer, Sinsheimer & Associates, Boston, MA, for Joseph Lorenc, Laurie Lorenc, Plaintiffs.

Christopher J. Perry, C. Tama Benson, Hale and Dorr, Boston, MA, for Be Free Inc., Gordon Hoffstein, Stephen Joseph, Defendants.

## MEMORANDUM AND ORDER

GERTNER, District Judge.

Plaintiffs Joseph Lorenc and Laurie Lorenc commenced this action against Be Free, Inc. ("Be Free"), Gordon Hoffstein ("Hoffstein"), and Stephen Joseph ("Joseph") in connection with the conditions and termination of Mr. Lorenc's employment with Be Free. The complaint asserts eight common law and statutory claims against the defendants.[1]

The defendants now move under Fed. R.Civ.P. 12(b)(6) to dismiss the sole claim brought on behalf of Ms. Lorenc against all the defendants for loss of consortium arising out of the work-related injuries sustained by her husband (Count VIII). They argue that the consortium claim is not actionable because the exclusivity provision of the Massachusetts Workers' Compensation Act ("MWCA") bars recovery.

The plaintiffs do not dispute that the MWCA as a matter of law bars Ms. Lorenc from prevailing on a common law claim of loss of consortium if her husband's common law claims fail. Instead, they focus on Mr. Lorenc's statutory claims, arguing that Count VIII should survive because it remains an open question of law in Massachusetts as to whether a claim for consortium may properly attach to a statutory tort despite the exclusivity provisions of the MWCA.

A motion to dismiss for failure to state a claim may be granted only if the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This Court must look only to the allegations of the complaint and, if under any theory they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

I begin the inquiry by examining the applicable statutory provisions of the Workers' Compensation statute. Mass. Gen. L. ch. 152, § 24 provides that an employee waives his right of action at common law with respect to "an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer ... written notice that he claimed such right."

Neither party, at this point, disputes that Mr. Lorenc did not notify his employer of his intention to retain his common law rights in lieu of Workers' Com-

---

1. Specifically, the complaint includes the following counts: breach of a stock option contract against Be Free (Count 1); breach of a fiduciary duty against Hoffstein and Joseph (Count II); breach of contract/wrongful discharge against Be Free (Count III); breach of contract for failure to maintain a working environment free of harassment against Be Free (Count IV); breach of the covenant of good faith and fair dealing against Be Free (Count V); violation of the Americans with Disabilities Act ("ADA") against Be Free (Count VI); violation of the Massachusetts Civil Rights Act ("MCRA") against Be Free and Hoffstein (Count VII); and loss of consortium against all the defendants (Count VIII).

pensation benefits for his personal injuries. Nor does either party dispute that the injuries sustained by Mr. Lorenc, including anxiety attacks and general emotional injuries, arose within the course of his employment and constitute personal injury within the meaning of the Act. *E.g.* Mass. Gen. L. ch. 152, § 1(7A) ("mental or emotional difficulties" fall within the compensation scheme if "an event or series of events occurring within the employment" contributed to the disability in a significant way). Accordingly, as the personal injuries suffered by Mr. Lorenc constitute injuries compensable under the MWCA, they may not give rise to a common law cause of action in tort.[2]

The same Workers' Compensation provision that bars Mr. Lorenc's common-law tort claims preempts an ancillary common-law action by Ms. Lorenc for loss of consortium. The exclusivity provision of the Workers' Compensation Act explicitly precludes common law actions brought by

third parties for the loss of the injured worker's consortium deriving from injuries compensable under the Act. Mass. Gen. L. ch. 152, § 24, as amended St.1986, ch. 662, § 18.

This does not end the inquiry, however. Ms. Lorenc's claim for loss of consortium may survive the motion to dismiss if this Court determines: (1) Injuries sustained by Mr. Lorenc in connection with the defendants' violations of the Americans with Disabilities Act and the Massachusetts Civil Rights Act (Counts VI and VII) are not covered by the MWCA, and, (2) a cause of action for loss of consortium may attach to either underlying statutory claim.[3]

As to the first inquiry, I note that violations of an employee's civil rights typically are not personal injuries "arising out of" employment which would be compensable under the MWCA. *August v. Offices Unlimited, Inc.*, 981 F.2d 576, 583 (1st

---

2. Of the seven named counts brought on behalf of Mr. Lorenc, only Count II, breach of a fiduciary duty, can be construed as an action in common law tort. *E.g. Demoulas v. Demoulas Super Mkts., Inc.*, 424 Mass. 501, 517, 677 N.E.2d 159 (1997), While conduct that breaches a fiduciary duty might also constitute a breach of contract, *In Re Evangelist*, 760 F.2d 27, 31 (1st Cir.1985), a claim arising from the type of breach that Mr. Lorenc asserts (where a close corporation freezes-out a minority shareholder by prematurely terminating employment) has more of the "characteristics of a tort claim than of a contract claim." *Kirley v. Kirley*, 25 Mass.App.Ct. 651, 652–53, 521 N.E.2d 1041 (1988) (imposing the tort statute of limitations on a corporate "freeze-out" claim because there was no promise to be enforced and the duty to the minority shareholder is one imposed by law because of the nature of the relationship and not because of an agreement between the parties). Thus, to the extent that the breach of fiduciary duty and resultant injuries to Mr. Lorenc arose out of the scope of the plaintiff's employment, recovery beyond the confines of the MWCA is barred.

3. Plainly, Mr. Lorenc's breach of contract claims (Counts I, III, IV, V) do not generate an ancillary loss of consortium claim because, in Massachusetts, loss of consortium claims arise only from underlying torts. *E.g. Sena v. Commonwealth*, 417 Mass. 250, 264, 629 N.E.2d 986 (1994) ("As a general rule, a claim for loss of consortium requires proof of a tortious act that caused the claimant's spouse personal injury."); *Tauriac v. Polaroid Corp.*, 716 F.Supp. 672, 673 (D.Mass.1989). In contrast, the civil rights violations alleged in Counts VI and VII are more akin to actions in tort and hence could conceivably give rise to a consortium claim. *E.g. Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (money recovery for damages may be the appropriate remedy for constitutional violations much as it is for actions in tort); *Layne v. Superintendent, Massachusetts Correctional Institution*, 406 Mass. 156, 158, 546 N.E.2d 166 (1989) (a direct deprivation of civil rights may be actionable for money damages under the MCRA).

Cir.1992). This is because the purpose of the act is to incorporate the cost of injuries incidental to employment into the overall business scheme, not insulate employers from liability for misbehavior with no connection to the foreseeable perils of employment. *E.g. Madden's Case,* 222 Mass. 487, 111 N.E. 379 (1916) (distinguishing personal injuries like injuries to reputation from libel, malicious prosecution, false imprisonment, invasion of the right to privacy, the alienation of affection of a husband or wife, seduction, and false arrest from wrongs which would be personal injuries under Workmen's Compensation Act); *Foley v. Polaroid Corp.,* 381 Mass. 545, 553, 413 N.E.2d 711 (1980) (distinguishing between injuries compensable and barred under the MWCA with those that seek vindication of more intangible rights).

In the case at bar, Mr. Lorenc alleges that Be Free intentionally discriminated against him because of his perceived disability, an anxiety disorder that rendered him exceptionally sensitive to stressful and disturbing environmental stimuli. He alleges that defendant Hoffstein deprived Mr. Lorenc of the exercise and enjoyment of his civil rights when, face to face, he threatened to disseminate damaging stories if Mr. Lorenc were to inform fellow employees about Hoffstein's ongoing pattern of abuse. On the face of the pleadings, I cannot say that these injuries are of the type occurring within the ordinary scope and hazards of employment and hence compensable under the MWCA.

However, a cause of action under the ADA, 42 U.S.C.A. §§ 12101, *et seq.,* does not generate an ancillary consortium claim. *E.g. Miller v. CBC Cos., Inc.,* 908 F.Supp. 1054, 1069 (D.N.H.1995) (An ADA claim cannot support an ancillary claim for loss of consortium); *Orme v. Swifty Oil*

*Co.,* 2000 WL 682678, *1 (S.D.Ind.) (no loss of consortium claim attached to ADA claim); *Mohamed v. Marriott Int'l, Inc.,* 905 F.Supp. 141, 159 (S.D.N.Y.1995) (The spouse of an employee alleging discrimination in violation of the ADA cannot bring a cause of action for loss of consortium because they are not a "person aggrieved" within the meaning of the statute).

With respect to Lorenc's state law discrimination claim (Count VII), the issues are less clear. Much of the case-law suggests that a loss of consortium claim cannot be premised on a violation of the MCRA, M.G.L. c. 12 § 11H and I. *E.g. Columbus v. Biggio,* 76 F.Supp.2d 43 (D.Mass.1999) (holding that a Massachusetts civil rights claim may not support a loss of consortium claim); *Staffier v. Sandoz Pharmaceuticals Corp.,* 888 F.Supp. 287, 293 (D.Mass.1995) (same); *Tauriac,* 716 F.Supp. at 672 (same); *Suarez v. Belli,* 1997 WL 39918, at *4 (Mass.Super.1997) ("The court is not aware of any authority that would permit loss of consortium damages for the state civil rights claim").

However, in *Zhang v. Massachusetts Inst. of Tech.,* 46 Mass.App.Ct. 597, 708 N.E.2d 128 (1999), the Appeals Court of Massachusetts indicated that a claim for gender discrimination could give rise to an ancillary claim for loss of consortium. Relying upon *Dalis v. Buyer Advertising, Inc.,*[4] the Zhang court reasoned that a statutory claim for gender discrimination "has historical connections to common law tort and contract claims," and, thus, may support a claim sounding in tort for loss of consortium.

Where Massachusetts state precedent is ambiguous, absent or incomplete, this Court can predict how the Massachusetts Supreme Judicial Court would decide if presented with the question. *New*

---

4. 418 Mass. 220, 226, 636 N.E.2d 212 (1994)

*Ponce Shopping Center v. Integrand Assur. Co.,* 86 F.3d 265, 267 (1st Cir.1996) (citing *Nieves v. University of Puerto Rico,* 7 F.3d 270, 274–75 (1st Cir.1993)). To be sure, I may also certify a state-law question to the state's highest court. *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974); *Van-Haaren v. State Farm Mut. Auto. Ins. Co.,* 989 F.2d 1, 3 (1st Cir.1993). *Cf. Louisiana Power and Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058, (1959) (mandating abstention because of unclear state law in federal diversity case and important state interest at stake).

However, at this early stage in the litigation, I do not feel that prediction or certification is entirely appropriate. Instead, I adopt the approach of another court in this District when faced with the identical issue and hold as follows: [5]

The defendants' Partial Motion to Dismiss Count VIII of the Complaint for Loss of Consortium [docket entry # 4] is **DENIED** in part and **ALLOWED** in part, as follows:

    A. **DENIED** as it may attach to the state law discrimination claim (Count VII) against defendants Be Free and Hoffstein; and,

    B. **ALLOWED** as it applies to Counts I–VI against all the defendants

Should Mr. Lorenc's state law discrimination claim survive on motion for summary judgment, defendants may again raise the discrimination and loss of consortium issues. I reserve further judgment on the issues until that point.

**SO ORDERED.**

---

**5.** *Silva v. Hit or Miss,* 73 F.Supp.2d 39, 43